**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MICHAEL ANTONIO JAMES, | ) | CASE NO. 15-32136-DHW |
| | ) | |
| Debtor. | ) | CHAPTER 13 |

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**
**[Internal Revenue Service]**

Comes now the United States of America, by and through George L. Beck, Jr., United States Attorney for the Middle District of Alabama, on behalf of the United States Department of the Treasury, Internal Revenue Service (Service) to object to Confirmation of the Debtor's Chapter 13 Plan, and as grounds states as follows:

1. On August 5, 2015, Debtor filed for Chapter 13 relief. Debtor's Plan is set for confirmation in Montgomery, Alabama on October 19, 2015. [Docs. 1, 7].

2. On September 30, 2015, the Service filed a Proof of Claim, for a total amount of $37,781.12 of which $20,795.00 was classified as secured; $9,687.76 was classified as unsecured priority; and $7,298.36 was classified as unsecured general. [Claim 1-5].

3. Debtor's current Plan [Doc. 2] fails to make provision to pay the Service's secured claim. Additionally, Debtor's Plan only proposes to pay $2,835 of the Service's $9,687.76 priority claim. The Service objects to this lack of payment and requests that the plan provide for equal monthly payments to the Trustee to amortize the secured and priority debts to the Service.

4. The priority claims of the United States must be paid in full in a Chapter 13 case unless it agrees to contrary treatment. 11 U.S.C. §§ 1322(a)(2); 1325(a)(1); In re Morgan, 182 F.3d 775, 777 (11th Cir. 1999); In re Escobedo, 28 F.3d 34, 35 (7th Cir. 1994); Ekke v. United States, 133 B.R. 450, 452-53 (S.D. Ill, 1991)(Revocation of confirmation affirmed as plan did not provide for full payment of priority claim); In re Jackson, 189 B.R. 206, 211 (Bankr. M.D. Ala, 1994). As the statute uses the word "agree", only an express agreement by the priority creditor allows a Court to confirm a plan with less than full payment. In re Ferguson, 26 B.R. 672, 673 (Bankr. S.D. Ohio, 1982).

WHEREFORE, the United States prays that this Court withhold confirmation of the Debtor's Chapter 13 Plan until the plan is amended to provide for full payment of the secured and priority claims of the Service through the Chapter 13 Trustee, pursuant to Title 11 U.S.C. §1322(a)(2).

Respectfully submitted this the 16th day of October, 2015.

        GEORGE L. BECK, JR.
        UNITED STATES ATTORNEY

        /s/DeAnne M. Calhoon
        DeAnne M. Calhoon (CAL065)
        Assistant United States Attorney
        DeeDee.Calhoon@usdoj.gov

U.S. Attorney's Office
Middle District of Alabama
P.O. Box 197
Montgomery, AL 36101
Telephone: 334-551-1714
Facsimile: 334-223-7201

## CERTIFICATE OF SERVICE

I hereby certify that on this the 16th day of October, 2015, I served a copy of the foregoing document, Objection to Confirmation, on all parties listed below by the methods stated:

Teresa Jacobs
U.S. Bankruptcy Administrator
One Church Street
Montgomery, AL  36104
[electronic filing]

Curtis C. Reding
Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101
[electronic filing]

Richard D. Shinbaum
Shinbaum & Campbell
P.O. Box 201
Montgomery, AL 36101
[electronic filing]

Michael Antonio James
804 County Rd. 21 N.
Prattville, AL 36067-7244
[United States Postal Service]

/s/DeAnne M. Calhoon
DeAnne M. Calhoon
Assistant United States Attorney